UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21564-CIV-HUCK/SIMONTON

CARLOS PINILLA, on his own
behalf and others similarly situated,

    Plaintiffs,

v.

NORTHWINGS ACCESSORIES CORP., *et al.*,

    Defendants.

_____/

## CONFIDENTIALITY ORDER

THIS CAUSE came before the Court on Defendants' Motion for Entry of Confidentiality Order (DE # 35). A response was filed by Plaintiff, Carlos Pinilla (DE # 41), and Defendants' replied (DE # 43). For the reasons stated on the record at the hearing held before the undersigned Magistrate Judge on September 25, 2007, it is hereby:

**ORDERED AND ADJUDGED** that the motion is **GRANTED**.

Confidential or sensitive information in possession of the parties to this action will be protected from disclosure during the course of this litigation, including any and all related appeals (hereinafter "this litigation"), as follows:

A.    <u>Confidential and Sensitive Information and Documents</u>

Information and documents, including any form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure, which will be, has been, or may be disclosed by either party during discovery in this action -

including, but not limited to, information or documents produced or given under oath (orally or in writing), computerized information, files, manuals, notes, personnel records, reports, invoices and other records - may contain information that: (a) is of a confidential and personal nature to Plaintiff; and/or (b) is of a confidential and proprietary nature to Defendants' business interests and activities. In light of the confidential nature of such material, such information or documents disclosed by either party in discovery shall be treated in a confidential manner and should be used by the parties only for purposes of prosecuting or defending this litigation.

The parties agreed at the September 25, 2007 hearing to take appropriate measures to limit the filing of sealed documents in this case. In light of this Court's inherent authority to manage its docket effectively and curb administrative inefficiencies, the parties are strongly encouraged to make every effort to protect confidential materials, including redacting sensitive information and resolving any disputes by consulting with opposing counsel, before resorting to filing a motion to file any document under seal. *See infra*, ¶ 7. Abuses of the procedures provided for filing documents under seal may subject the breaching party to sanctions pursuant to Federal Rule of Civil Procedure 37.

Accordingly, the Court orders as follows:

1.	Any party may designate as "confidential" any information or document, or parts thereof, produced for inspection and copying or served or filed or given under oath in this action if such information or documents constitute or contain: (a) trade secret, confidential, or proprietary business information of Defendant Northwings Accessories Corp. ("NAC"); (b) information and documents from employee personnel-related records, including personal identifying information; (c) personnel policies, practices, procedures,

or manuals; (d) information from investigative reports and communications; (e) sales, marketing, customer, inventory, financial and vendor information of NAC that is not otherwise available to the public; (f) sensitive and personal information regarding Plaintiff, including medical-related information; (g) information of a highly sensitive nature that is not otherwise available to the public, the disclosure of which may detrimentally impact NAC's business operations or jeopardize privacy interests of any of their current or former officers, directors and/or employees; or (h) information that is otherwise agreed by the parties to be confidential.  Information that is available to the general public or which can be obtained from public sources, including the internet, shall not be designated confidential.

     2.     Information or documents may be designated as confidential prior to production, service, copying or disclosure by marking the information or documents directly with the words "CONFIDENTIAL" or "SUBJECT TO CONFIDENTIALITY ORDER," or by communicating said designation in writing contemporaneously with production, service, copying, filing, or signing, or disclosure of the information or documents.  In the event that a party wishes to use DESIGNATED CONFIDENTIAL MATERIAL (including, inter alia, transcripts of depositions, exhibits, physical evidence, answers to interrogatories or requests for admission, briefs, and memoranda, which compromise, excerpt, reproduce, paraphrase, or contain any information designated confidential, or information taken there from) in any affidavit, brief, memoranda of law or other paper filed in Court in this litigation, such confidential information shall be filed under seal in the form and manner required pursuant to S.D. Fla. L.R. 5.4 and the Court's rules relating to electronic filing.

     3.     A producing party may designate testimony or information disclosed at a

deposition as "confidential" during the deposition by making a verbal statement on the record or alternatively, by notifying all parties, in writing within twenty (20) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript and exhibit numbers which contain confidential information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. During portions of depositions which the parties or their counsel consider to contain confidential information or documents, the producing party shall have the right to exclude such persons who are not qualified to receive confidential information or documents pursuant to paragraph A.5 of this Order.

     4.    Except as otherwise provided by Order of the Court or stipulation of the parties, information and documents designated as confidential, as well as the matters contained therein, and extracts and summaries thereof containing confidential information, shall be treated in a confidential manner, as described below.

     5.    No documents or information designated as confidential may be disclosed or in any manner be made available to any person or entity except as follows:  (a) the named parties to this litigation, including the officers, directors and/or employees of the named parties, but only insofar as reasonably necessary for the prosecution and defense of this action; (b) the attorney(s) of record or employees of the attorney(s) of record for the party; (c) experts and/or consultants and/or service providers retained for the purpose of assisting the party in the prosecution or defense of this litigation; (d) the Court, as provided in this Order; (e) a deponent or witness at trial in this action; (f) any individual who is a witness or potential witness in this litigation, including former employees or officers of NAC, provided that the disclosing attorney has a good-faith belief that the witness or potential witness has knowledge of the specific contents of the

confidential documents and/or information to be disclosed and the witness executes a written agreement to maintain the confidentiality of the materials and abide by the terms of this Confidentiality Order, in the form attached as Appendix "A"; and (g) as to NAC, the corporate legal department attorneys and any authorized representatives and/or employees.

      6.    If a party desires to disclose any information or documents designated as confidential to any person not qualified to receive confidential information or documents pursuant to paragraph A.5 of this Order, that party shall notify the other party in writing, by facsimile transmission and U.S. mail, at least five (5) days before the intended disclosure.  Such written notice shall specify the information the party wishes to disclose and the identity of each person or categories of persons to whom such disclosure will be made, and shall provide such person(s)' executed written agreement to maintain the confidentiality of the materials and abide by the terms of this Confidentiality Order, in the form attached as Appendix "A."  After such notice and after conferring on the matter with all opposing parties or counsel of record to the parties, if a party opposes the disclosure, the opposing party may move for an order of the Court prohibiting the disclosure.  As to information designated as confidential that is disclosed in deposition in this action, the Court orders that the deposition transcript and exhibits to such deposition will be treated in a confidential manner consistent with this Order with respect to the information designated as confidential contained therein.

      7.    A party shall not file with the Court any documents designated as confidential unless the filing party redacts all confidential information contained therein or seeks and obtains an order from the Court granting leave to file the document under seal, based on a showing of particularized need, or alternatively, the filing party obtains

the written consent of all parties, and such consent shall not be unreasonably withheld. Either party may challenge the producing party's designation of information, documents or deposition testimony as "confidential" in accordance with the Federal Rules of Civil Procedure and the Local Rules, provided that the party first attempts to resolve any dispute on an informal basis before presenting same to the Court by motion or otherwise.

8. Nothing in this Confidentiality Order shall prohibit the use of any documents designated as confidential at trial or in dispositive or other motions filed with the Court, provided that the party wishing to utilize any documents or information subject to this Order complies with all other Court orders and rules regarding identification and disclosure of documents.

9. (a) This Court orders that any discoverable information or documents designated as "confidential" which are produced by NAC during the course of this litigation, including the original and any photocopies thereof made or maintained by Plaintiff and his counsel, shall be returned to the producing party, through its counsel, within thirty (30) days after conclusion of the litigation.

(b) This Court orders that any discoverable information or documents designated as "confidential" which are produced by Plaintiff during the course of this litigation, including the original and any photocopies thereof made or maintained by Defendant and its counsel, shall be returned to Plaintiff, through his counsel, within thirty (30) days after conclusion of the litigation.

10. After the final termination of this litigation, the restrictions on communication and disclosure of documents and information designated as "confidential" shall continue to be binding upon the Parties and all other persons who

have received documents or information designated as confidential.

B.  **Discovery and Trial**

This Court orders that nothing in this Confidentiality Order shall be construed to define which documents in the possession, custody or control of the Parties are subject to discovery, or are admissible into evidence, in the above captioned case. The Parties maintain the right to object, during discovery, trial, or otherwise, to the production and/or use of any and all documents in the possession, custody or control of the Parties.

C.  **Inadvertent Disclosure**

In the course of discovery or trial in this matter, accidental production or any other inadvertent disclosure through erroneous facsimile transmission, electronic mail or other mistaken transmission by mail or otherwise of any document protected by the attorney-client privilege or attorney work product privilege shall not constitute a waiver of either privilege by the inadvertent producing party. No inadvertent disclosure of such privileged material shall prejudice the rights of the producing party in the assertion of the applicable privilege and request for prompt return of the inadvertently produced documents or other material.

D.  **Enforcement**

This Order may be enforced by the Court in any manner, including contempt proceedings. The Parties must first attempt to resolve any dispute on an informal basis before presenting same to the Court by motion or otherwise. The Court may award

attorney's fees and costs to the prevailing party in connection with any motion concerning the improper designation or use of confidential materials.

**DONE AND ORDERED** in Chambers in Miami, Florida this 25th day of September, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck, United States District Judge
All counsel of record

## APPENDIX "A"

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-21564-CIV-HUCK/SIMONTON**

**CARLOS PINILLA, on his own
behalf and others similarly situated,**

    **Plaintiffs,**

**v.**

**NORTHWINGS ACCESSORIES CORP.,** *et al.*,

    **Defendants.**

_____/

## CONFIDENTIALITY AGREEMENT

I understand that I have been shown documents and/or been provided with information which has been designated as confidential in the above case. I agree that I will not divulge or disseminate this information. I will return all confidential materials to the person who provided them to me.

_____
**Signature**

_____
**Printed Name**

_____
**Date**